# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| RICHARD M. MOULTON JR., | Civil No. 3:22-cv-326 |
| Plaintiff | (Judge Mariani) |
| v. | |
| UNITED STATES OF AMERICA, | |
| Defendant | |

## MEMORANDUM

Plaintiff Richard M. Moulton ("Moulton") commenced this action pursuant to the Federal Tort Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 *et seq.*, alleging that he received inadequate medical care while incarcerated at the Federal Correctional Institution at Allenwood-Medium ("FCI-Allenwood"), in White Deer, Pennsylvania. (Doc. 1). The sole named Defendant is the United States of America. The United States moves to dismiss the complaint based on Moulton's failure to file a certificate of merit ("COM") that complies with Rule 1042.3 of the Pennsylvania Rules of Civil Procedure and failure to state a negligence claim. (Doc. 28). For the reasons set forth below, the Court will grant the motion.

## I.    Allegations of the Complaint

On April 6, 2020 and July 23, 2020, Moulton reported to health services due to pain on his right side near his groin. (Doc. 1, p. 4). He alleges that Physician Assistant ("PA") Powanda informed him on both occasions that "there [was] nothing there." (*Id.*). During the second visit, Moulton requested an ultrasound, which was performed on August 17, 2020.

(*Id.*). Following the ultrasound, PA Powanda diagnosed Moulton with a hernia and discussed surgery. (*Id.*). On August 22, 2020, Moulton reported to health services to meet his surgeon. (*Id.*). However, around 8:30 a.m., staff ordered all inmates to return to their housing units because a COVID-19 lockdown was imposed. (*Id.*). Moulton alleges that he continued sleeping on an upper bunk, which caused pain and disrupted his daily activities and ability to sleep. (*Id.*).

On May 12, 2021, Moulton underwent surgery. (*Id.*). Following the surgery, Moulton alleges that staff did not provide him with a lower bunk. (*Id.*). Moulton filed a grievance wherein he complained of pain and requested a lower bunk. (*Id.* at pp. 4-5). In response, a staff member from the medical department advised Moulton to take Tylenol. (*Id.* at p. 5). Moulton alleges that he subsequently suffered shooting pain down to his right testicle. (*Id.*). On May 13, 2021, Moulton submitted a sick call slip to health services regarding this pain. (*Id.*). On May 21, 2021, PA Hemphill treated Moulton. (*Id.*). Moulton described his pain and stated that he believed he was not healing properly because he had to climb to his upper bunk. (*Id.*). Despite these complaints, PA Hemphill did not provide a lower bunk pass. (*Id.*).

## II.  **Legal Standard**

A complaint must be dismissed under FED. R. CIV. P. 12(b)(6), if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). The plaintiff must

aver "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).

"Though a complaint 'does not need detailed factual allegations, . . . a formulaic recitation of the elements of a cause of action will not do.'" *DelRio-Mocci v. Connolly Prop. Inc.*, 672 F.3d 241, 245 (3d Cir. 2012) (citing *Twombly*, 550 U.S. at 555). In other words, "[f]actual allegations must be enough to raise a right to relief above the speculative level." *Covington v. Int'l Ass'n of Approved Basketball Officials*, 710 F.3d 114, 118 (3d Cir. 2013) (internal citations and quotation marks omitted). A court "take[s] as true all the factual allegations in the Complaint and the reasonable inferences that can be drawn from those facts, but . . . disregard[s] legal conclusions and threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Ethypharm S.A. France v. Abbott Laboratories*, 707 F.3d 223, 231, n.14 (3d Cir. 2013) (internal citations and quotation marks omitted).

> *Twombly* and *Iqbal* require [a district court] to take the following three steps to determine the sufficiency of a complaint: First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013).

"[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not show[n] - that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (internal citations and quotation marks omitted). This "plausibility" determination will be a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.*

However, even "if a complaint is subject to Rule 12(b)(6) dismissal, a district court must permit a curative amendment unless such an amendment would be inequitable or futile." *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 245 (3d Cir. 2008).

> [E]ven when plaintiff does not seek leave to amend his complaint after a defendant moves to dismiss it, unless the district court finds that amendment would be inequitable or futile, the court must inform the plaintiff that he or she has leave to amend the complaint within a set period of time.

*Id.*

## III. Discussion

The FTCA "provides a mechanism for bringing a state law tort action against the federal government in federal court," and the "extent of the United States' liability under the FTCA is generally determined by reference to state law." *In re Orthopedic Bone Screw Prod. Liab. Litig.*, 264 F.3d 344, 362 (3d Cir. 2001) (quoting *Molzof v. United States*, 502 U.S. 301, 305 (1992)). In the instant case, Moulton asserts claims of medical negligence under the FTCA. Where a federal court is presented with a claim brought under the FTCA, it applies the law of the state in which the alleged tortious conduct occurred. *See* 28 U.S.C. § 1346(b). Here, the allegedly tortious conduct occurred in Pennsylvania.

In Pennsylvania, medical negligence, or medical malpractice, is defined as "the unwarranted departure from generally accepted standards of medical practice resulting in injury to a patient, including all liability-producing conduct arising from the rendition of professional medical services." *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 824 A.2d 1140, 1145 (Pa. 2003) (citing *Hodgson v. Bigelow*, 7 A.2d 338 (Pa. 1939)). The existence of an injury, by itself, does not prove a doctor's negligence. *Mitchell v. Shikora*, 209 A.3d 307, 315 (Pa. 2019) (citations omitted). Rather, to establish a cause of action for negligence under Pennsylvania law, a plaintiff must prove the following elements: (1) a duty or obligation recognized by law; (2) a breach of that duty; (3) a causal connection between the conduct and the resulting injury; and (4) actual damages. *See Northwestern Mut. Life Ins. Co. v. Babayan*, 430 F.3d 121, 139 (3d Cir. 2005) (citing *In re TMI*, 67 F.3d 1103, 1117 (3d Cir. 1995)).

Under Rule 1042.3 of the Pennsylvania Rules of Civil Procedure, a plaintiff seeking to raise medical malpractice claims must file a valid certificate of merit. That rule states, in pertinent part:

> (a) In any action based upon an allegation that a licensed professional deviated from an acceptable professional standard, the attorney for the plaintiff, or the plaintiff if not represented, shall file with the complaint or within sixty days after the filing of the complaint, a certificate of merit signed by the attorney or party that either
>
> (1) an appropriate licensed professional has supplied a written statement that there exists a reasonable probability that the care, skill or knowledge exercised or exhibited in the treatment, practice or work that is the subject of

> the complaint, fell outside acceptable professional standards and that such conduct was a cause in bringing about the harm, or
>
> (2) the claim that the defendant deviated from an acceptable professional standard is based solely on allegations that other licensed professionals for whom this defendant is responsible deviated from an acceptable professional standard, or
>
> (3) expert testimony of an appropriate licensed professional is unnecessary for prosecution of the claim.

PA. R. CIV. P. 1042.3(a). The requirements of Rule 1042.3 are substantive in nature and, therefore, federal courts in Pennsylvania must apply these prerequisites of Pennsylvania law when assessing the merits of a medical malpractice claim. *See Liggon-Redding v. Estate of Sugarman*, 659 F.3d 258, 262-65 (3d Cir. 2011); *Iwanejko v. Cohen & Grigsby, P.C.*, 249 F. App'x 938, 944 (3d Cir. 2007). This requirement applies with equal force to counseled complaints and to *pro se* medical malpractice actions brought under state law. *See Hodge v. Dep't of Justice*, 372 F. App'x 264, 267 (3d Cir. 2010) (affirming district court's dismissal of medical negligence claim for failure to file a certificate of merit).

The Pennsylvania Supreme Court has noted that "[b]ecause the negligence of a physician encompasses matters not within the ordinary knowledge and experience of laypersons[,] a medical malpractice plaintiff must present expert testimony to establish the applicable standard of care, the deviation from that standard, causation and the extent of the injury." *Toogood*, 824 A.2d at 1145. A very narrow exception applies "where the matter is so simple or the lack of skill or care is so obvious as to be within the range of experience and comprehension of even non-professional persons." *Hightower-Warren v. Silk*, 698 A.2d

6

52, 54 n.1 (Pa. 1997). However, three conditions must be met before the doctrine of *res ipsa loquitur*[1] may be invoked: "(a) either a lay person is able to determine as a matter of common knowledge, or an expert testifies, that the result which has occurred does not ordinarily occur in the absence of negligence; (b) the agent or instrumentality causing the harm was within the exclusive control of the defendant; and (c) the evidence offered is sufficient to remove the causation question from the realm of conjecture, but not so substantial that it provides a full and complete explanation of the event." *Toogood*, 824 A.2d at 1149-50.

The United States seeks to dismiss Moulton's medical malpractice claim based on his failure to comply with Pennsylvania's certificate of merit requirements. On April 7, 2022, counsel for the United States mailed Moulton a notice of intent to dismiss pursuant to Pennsylvania Rule 1042.6. (*See* Docs. 13, 15). Moulton filed a purported certificate of merit on July 7, 2022. (Doc. 27). Therein, Moulton essentially admits that he did not comply with Pennsylvania's certificate of merit requirements. He states that "it has proved impossible for this petitioner to obtain the service of a licen[s]ed professional to review his

---

[1] *Res ipsa loquitur* is a rule of evidence permitting an inference of negligence from the circumstances surrounding the injury. *Quinby v. Plumsteadville Family Practice, Inc.*, 589 Pa. 183, 907 A.2d 1061, 1071 (Pa. 2006). The Pennsylvania Supreme Court has adopted *res ipsa loquitur* as articulated in the Restatement (Second) of Torts § 328D. *Id.* (citation omitted). Under § 328D, it may be inferred that the harm suffered was caused by the negligence of the defendant when: (a) the event is the kind which does not ordinarily occur in the absence of negligence; (b) the evidence sufficiently eliminates other possible causes, including the conduct of the plaintiff and third parties; and (c) the indicated negligence is within the scope of the defendant's duty to the plaintiff. If the court determines that these prerequisites are met, it is for the jury to determine whether an inference of negligence should be drawn. *Toogood*, 824 A.2d 1140, 1149-50 (Pa. 2003) (holding that before *res ipsa loquitur* may be invoked, plaintiffs must meet the three § 328D conditions).

claim and provide a written statement to accompany this certificate of merit." (*Id.*). Moulton's certificate of merit fails to comply with the requirements of Pennsylvania Rule 1042.3 in that it does not attest that an appropriate licensed professional supplied a written statement that there exists a reasonable probability that the care provided fell outside acceptable professional standards, or that expert testimony of an appropriate licensed professional is not necessary. PA. R. CIV. P. 1042.3(a)(1), (3). Nor does Moulton attest that any claim that the United States deviated from an acceptable, professional standard is based solely on allegations that other licensed professionals for whom the defendant is responsible deviated from an acceptable professional standard. PA. R. CIV. P. 1042.3(a)(2).

Moulton requires expert testimony to establish that medical staff members at FCI-Allenwood were negligent in providing medical care. His claim involves a delay in surgery and failure to provide an upper bunk pass, which resulted in increased pain. His injury concerns complex issues relating to the standard of care and causation, which he cannot establish without expert testimony. *Toogood*, 824 A.2d at 1151. This is not a case where a licensed medical professional's deviation from the standard of care and that deviation's causation of injury are obvious and within the realm of a layperson. Accordingly, the United States' motion to dismiss the medical malpractice claim will be granted based on Moulton's failure to file a certificate of merit that substantially complies with the requirements of Rule 1042.3. *See, e.g., Booker v. United States*, 366 F. App'x 425, 427 (3d Cir. 2010) (the usual

consequence for failing to file a certificate of merit that complies with Rule 1042.3 is dismissal of the claim without prejudice).

### IV. Leave to Amend

Generally, "plaintiffs who file complaints subject to dismissal . . . should receive leave to amend unless amendment would be inequitable or futile." *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002). Because the exceptions to filing a certificate of merit under Pennsylvania law do not apply to Moulton's claims, his FTCA claim fails as a matter of law. Therefore, the Court concludes that granting leave to amend would be futile.

### V. Conclusion

The Court will grant the United States' motion (Doc. 28) to dismiss. A separate Order shall issue.

Robert D. Mariani
United States District Judge

Dated: September 29, 2022